907 So.2d 109 (2005)
Dan SMITH and Pat M. Smith, Individually and on Behalf of Their Minor Child, Timothy Smith
v.
THE RUNNELS SCHOOLS, INC. and State Farm Fire and Casualty Company.
No. 2004 CA 1329.
Court of Appeal of Louisiana, First Circuit.
March 24, 2005.
*110 Chad A. Dudley, Locke Meredith, Baton Rouge, Counsel for Plaintiffs/Appellants Dan Smith and Pat M. Smith, Individually and on behalf of their minor child, Timothy Smith.
Darrell J. Loup, Baton Rouge, Counsel for Defendants/Appellees The Runnels School, Inc. and State Farm Fire and Casualty Company.
Before: PARRO, KUHN, and WELCH, JJ.
PARRO, J.
This is an appeal of a summary judgment rendered in favor of the defendants, finding that the placement of a bench in a high school gymnasium did not create an *111 unreasonable risk of harm. For the following reasons, we affirm.

FACTUAL AND PROCEDURAL HISTORY
Timothy Smith was a member of the Dunham High School (Dunham) varsity basketball team. On November 24, 2001, Dunham played a basketball game against The Runnels School (Runnels) team in the Runnels gymnasium. During the game, Timothy and an unidentified Runnels player went outside the end boundary line in an attempt to recover a loose ball. Both players fell to the floor, and Timothy's momentum caused him to slide into a wooden bench that was placed against the end wall of the gymnasium in front of a trophy case near the entry doors. The bench was situated near the left-side boundary of the basketball court and almost nine feet beyond the "baseline" at the end of the court. As a result of this incident, Timothy sustained an injury to his shoulder.
Timothy's parents, Dan and Pat Smith, filed suit against Runnels and its liability insurer, State Farm Fire and Casualty Company (State Farm), alleging that the location of the bench created an unreasonable risk of harm. On September 10, 2003, the defendants filed a motion for summary judgment, which included the following list of uncontested facts:
1. Both Runnels and Dunham are members of the Louisiana High School Athletic Association (LHSAA).
2. The National Federation of State High School Associations (National Federation) drafts the rules that govern the play of high school basketball. The LHSAA is a member of the National Federation and subscribes to all of its rules and regulations. Therefore, the rules of the National Federation governed the game between Dunham and Runnels on the night in question.
3. National Federation regulations require three (3) feet of unobstructed space outside the baselines of the basketball court.
4. THE BENCH AT ISSUE WAS LOCATED AT LEAST EIGHT (8) FEET, ELEVEN (11) INCHES OUTSIDE THE BASELINE OF THE COURT.
The defendants contended that the location of the bench nearly nine feet away from the boundary line, and thus nearly three times the distance required under the applicable rules, compelled a finding that it was not unreasonably dangerous. They also asserted that the open and obvious condition of the bench and the nature of Timothy's activities at the time of the accident further established that the location of the bench did not present an unreasonable risk of harm. In conjunction with their motion, the defendants submitted the affidavit of Mac Chauvin, Assistant Commissioner of the LHSAA, who opined that the location of the bench did not present an unreasonable risk of harm to any player on the Runnels or Dunham basketball teams on the date of the incident.
In opposing the motion, the plaintiffs submitted no evidence to dispute the defendants' list of uncontested facts. However, they did submit affidavits by Larry Grantham and Eugene Bennett, both experienced high school basketball coaches and longtime LHSAA members. Without referencing distance, they stated that, in their opinion, the bench created an unreasonable risk of harm due to its placement against an end wall and beyond the end line of the basketball court.
On March 1, 2004, the trial court granted the defendants' motion for summary judgment, emphasizing their compliance *112 with the applicable rules. From this summary judgment, the plaintiffs appeal.

APPLICABLE LAW
A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). The initial burden of proof is on the moving party. However, on issues for which the moving party will not bear the burden of proof at trial, the moving party's burden of proof on the motion is satisfied by pointing out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial; failure to do so shows there is no genuine issue of material fact. LSA-C.C.P. art. 966(C)(2); Duplantis v. Dillard's Dept. Store, 02-0852 (La.App. 1st Cir.5/9/03), 849 So.2d 675, 679-80, writ denied, 03-1620 (La.10/10/03), 855 So.2d 350.
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's determination of whether a summary judgment is appropriate. Duplantis, 849 So.2d at 679. Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Davis v. Specialty Diving, Inc., 98-0458, 98-0459 (La.App. 1st Cir.4/1/99), 740 So.2d 666, 669, writ denied, 99-1852 (La.10/8/99), 750 So.2d 972.
The general rule is that the owner or person having custody of immovable property has a duty to keep such property in a reasonably safe condition. He must discover any unreasonably dangerous condition on his premises and either correct the condition or warn potential victims of its existence. Farr v. Montgomery Ward and Co., Inc., 430 So.2d 1141, 1143 (La.App. 1st Cir.), writ denied, 435 So.2d 429 (La.1983). This duty is the same under theories of negligence or strict liability. Under either theory, the plaintiff has the burden of proving that: (1) the property which caused the damage was in the "custody" of the defendant; (2) the property had a condition that created an unreasonable risk of harm to persons on the premises; (3) the unreasonably dangerous condition was a cause in fact of the resulting injury; and (4) defendant had actual or constructive knowledge of the risk. Vinccinelli v. Musso, 01-0557 (La.App. 1st Cir.2/27/02), 818 So.2d 163, 165, writ denied, 02-0961 (La.6/7/02), 818 So.2d 767; see also LSA-C.C. arts. 2315 and 2317.1.
Whether a condition of a thing is unreasonably dangerous requires consideration of: (1) the utility of the thing; (2) the likelihood and magnitude of harm, which includes the obviousness and apparentness of the complained-of condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activity in terms of the activity's social utility or whether the activity is dangerous by nature. Hutchinson v. Knights of Columbus, Council No. 5747, 03-1533 (La.2/20/04), 866 So.2d 228, 235.

ANALYSIS
Neither party contests the facts underlying this case. The plaintiff injured his shoulder during a high school basketball game while chasing a basketball out of bounds, where he slid into a bench that was up against the wall, in close proximity to the basketball court's left boundary line and almost nine feet away from the endline. *113 Under the nationwide rules applied to high school basketball, the bench was well beyond the three feet of clearance required around the boundary lines of a basketball court.
The only dispute in this matter is based on the opinions of experts on both sides. Predictably, the defendants' expert opined that the bench did not present an unreasonable risk of harm, while the plaintiffs' experts opined that it did. These experts' opinions do not establish or add any factual information to what is already known in this case, and therefore, do not create any genuine issue of material fact. The only issue is whether this bench in this place in this gym presented an unreasonable risk of harm to this plaintiff.
Considering the factors established by the jurisprudence to evaluate whether a condition of a thing is unreasonably dangerous, we note the following. A bench has obvious utility, in that it provides a place for people to sit. In this case, it also served the function of providing a buffer between the walkway around the basketball court and the glass-fronted trophy case in the wall behind it. The likelihood of harm from this bench in this location is no greater than the likelihood of harm from bleachers, officials' tables, and other similar items placed outside the boundaries of any basketball court. The magnitude of harm attributable to a bench in this position is no greater or less than what would occur if a player ran into the wall itself, the bleachers, other players, referees, or spectators. Although it would probably cost nothing to move this particular bench in this gymnasium, the cost of moving every potential obstacle at this distance from the boundary lines of every high school basketball court is inestimable. If we were to conclude that this bench in this location presented an unreasonable risk of harm to the players, despite being well beyond the clearance specified by the regulations governing high school basketball, the burden on many schools to alter or renovate smaller gymnasiums may make it impossible for many such schools to continue to host the game. There is a high risk of serious injury in the sport itself, simply because of its intensely competitive nature and fast-paced physical action. Everyone involved in the game participates with an awareness of this danger.
Based on these criteria, we conclude that the plaintiff did not establish that he would be able to satisfy his evidentiary burden of proof at trial on an essential element of his case, namely, that the bench in that position was unreasonably dangerous. Therefore, the defendants were entitled to judgment in their favor as a matter of law.

CONCLUSION
Accordingly, the judgment of the trial court granting summary judgment in favor of Runnels and State Farm is affirmed. All costs of this appeal are assessed to the Smiths.
AFFIRMED.