GUIDRY, Justice,
concurs and assigns reasons.
LI concur in the majority’s holding that summary judgment in favor of the defendant contractor, Shamrock Construction Co., was mandated under the facts of this case and the applicable law. Broussard v. State ex rel. Office of State Buildings, 12-1238 (La.4/5/13), 113 So.3d 175, holds that the determination of an unreasonable risk of harm is a question of fact; however, as the instant case demonstrates, our jurisprudence does not preclude the granting of a motion for summary judgment in cases where the plaintiff is unable to produce factual support for his or her claim that a complained-of condition or thing is unreasonably dangerous. See Pitre v. Louisiana Tech. Univ., 95-1466 (La.5/10/96), 678 So.2d 585. Accordingly, I agree with the majority’s conclusion that “the evidence presented in the motion for summary judgment established that any vision obstruction, caused by the dumpster, to a pedestrian crossing Conti Street at that mid- *860 block location was an open and obvious hazard, and reasonably safe for persons exercising ordinary care and prudence.” Supra, p. 858.
In Pryor v. Iberia Parish School Bd., 10-1683 (La.3/15/11), 60 So.3d 594, 596-97, this court explained as follows:
The general rule is that the owner or custodian of property has a duty to keep the property in a reasonably safe condition. The owner or custodian must discover any unreasonably dangerous condition on the premises, and either correct the condition or warn potential victims of its existence. Smith v. The Runnels Schools, Inc., 04-1329 2(La.App. 1 Cir. 3/24/05), 907 So.2d 109, 112. Nonetheless, we have recognized that defendants generally have no duty to protect against an open and obvious hazard. If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff. Eisenhardt v. Snook, 08-1287 (La.3/17/09), 8 So.3d 541; Dauzat v. Curnest Guillot Logging, Inc., 08-0528 (La.12/2/08), 995 So.2d 1184. It is the court’s obligation to decide which risks are unreasonable based upon the facts and circumstances of each case. Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364, 1371 (La.1984). The ultimate determination of unreasonable risk of harm is subject to review under the manifest error standard. Reed v. Wal-Mart, Inc., 97-1174 (La.3/4/98), 708 So.2d 362.
In determining whether a defect presents an unreasonable risk of harm, the trier of fact must balance the gravity and risk of harm against the individual and societal rights and obligations, the social utility, and the cost and feasibility of repair. Reed, 97-1174 at p. 5, 708 So.2d at 365; Boyle v. Board of Supervisors, 96-1158 (La.1/14/97), 685 So.2d 1080, 1083; Entrevia v. Hood, 427 So.2d 1146, 1149 (La.1983); Langlois v. Allied Chemical Corp., 258 La. 1067, 249 So.2d 133 (1971). In determining whether a condition is unreasonably dangerous, courts have adopted a risk-utility balancing test. This test encompasses four factors: (1) the utility of the thing; (2) the likelihood and magnitude of harm, which includes the obviousness and ap-parentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiffs’ activities in terms of its social utility, or whether it is dangerous by nature. Pitre v. Louisiana Tech. Univ., 95-1466 (La.5/10/96), 673 So.2d 585.
In Pitre, this court emphasized that “the obviousness and apparentness of a potentially dangerous condition are relevant factors to be considered under the duty-risk analysis. If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous and the defendant may owe no duty to the plaintiff.” 673 So.2d at 591. This court recently reiterated that principle, stating that “to be open and obvious, the risk of harm should be apparent to all who encounter the dangerous condition.” Broussard, p. 17,113 So.3d at 188.
In Pryor, the plaintiff, a sixty-nine-year-old woman recovering from hip surgery, attempted to descend over a bleacher step with an eighteen-inch gap between the first and second step. The plaintiff testified that she noticed the large |3gap between the step upon ascending the steps, and that in order to ascend the step, she lay on her side so she could swing one leg up at a time, and then stood up. On the way down, however, instead of lying on her side and swinging her legs over the gap as she had done earlier, the plaintiff attempted to simply step down, and in the process, *861 féll and injured herself. The record reflected that on the opposite side of the stadium, the bleachers were handicap accessible, but the plaintiff had chosen to sit on the side which was not handicap accessible. This court found the bleachers were not unreasonably dangerous, because “plaintiff was aware of this open and obvious risk,” and “could have easily avoided any risk by using additional care (as she did when she first ascended the bleachers), or by choosing to sit on the west side of the stadium where suitable accommodations for persons with physical impairments were provided.” Pryor, 60 So.3d at 598.
In the instant case, there is no genuine issue as to whether the dumpster presented an obvious and apparent hazard to anyone who encountered it. The dumpster was twenty-two feet long, eight feet wide, and five feet, two inches in height, occupying three parking spots along Conti Street in the middle of the block. Although the defendant had posted signs advising pedestrians that the sidewalk was closed and to use the other sidewalk, the plaintiff sought to cross the street mid-block by the dumpster rather than to return to the corner and to cross the street at the cross-walk at the intersection of Conti and Royal. He then failed to look both ways before stepping out into the street from behind the dumpster. As this court reasoned in Pryor, the plaintiff here also could have easily avoided the risk presented by the open and obvious presence of the dumpster. Accordingly, I agree with the majority that there are no genuine issues of material fact and that the defendant is entitled to summary judgment in its favor as a matter of law.