TOBIAS, J.,
concurs.
|jl respectfully concur and write separately to reinforce the conclusion reached by the majority.
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. La. C.C. art. 2815.
The duty-risk analysis for a claim of negligence applies in this case.
The existence of a duty is a question of law. Faucheaux v. Terrebonne Consol. Government, 615 So.2d 289, 292 (La.2/22/98). “Simply put, the inquiry is whether the plaintiff has any law — statutory, jurisprudential, or arising from general principles of fault — to support his claim.” Id.
Ogea v. Merritt, 13-1085, p. 24 (La.12/10/13), 130 So.3d 888, 905.
A duty-risk analysis involves five elements, which must be proved by the plaintiff:
(1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element);
(2) proof that the defendant’s conduct failed to conform to the appropriate standard (the breach element);
(3) proof that the defendant’s substandard conduct was a cause-in-fact of the plaintiffs injuries (the cause-in-fact element);
(4) proof that the defendant’s substandard conduct was a legal cause of the plaintiffs injuries (the scope of liability or scope of protection element); and
(5) proof of actual damages (the damages element).
Bufkin v. Felipe’s Louisiana, LLC, 14-0288, pp. 4-5 (La.10/15/14), — So.3d -, -, 2014 WL 5394087; Pitre v. Louisiana Tech Univ., 95-1466, p. 9 (La.5/10/96), 673 So.2d 585, 590.
12Under the totality of facts present in this case, a genuine issues of material fact exists as to whether the appellee, Archer Western Contractors, Ltd., conformed its conduct to a specific standard, which for the present precludes the granting of the present motion for summary judgment.