AMY, J.,
dissenting.
|J respectfully dissent from the majority •decision as I would' affirm the summary judgments entered in favor of the defendants. As noted by the majority, the Louisiana Supreme Court.has explained that “a defendant generally does not have a duty to protect against that which is obvious and apparent. In order for an alleged hazard to be considered obvious and apparent, ... the hazard should be one that is open and obvious to everyone who may potentially encounter it.” Bufkin v. Felipe’s Louisiana, LLC, 14-0288, p. 7 (La.10/15/14), 171 So.3d 851, 856. In this case, I conclude that no genuine issues of material fact exist in. this regard.
In support of their motions for summary judgment, the defendants submitted the plaintiffs deposition testimony in which he explained that he was’ aware of the uncovered water meter and that, prior to his fall, he had positioned himself above ‘the exposed area “in a manner that [he] thought was secure[,]” yet his back'heel slipped into the area. He stated that he had “a pretty large foot” and that he had “a 13-foot boot, which is longer than 13. So that’s how I know it was a very large meter.” The plaintiff estimated that the subject water meter was" larger than his foot, “oversized,” and approximately “18-by-12” inches. In describing the area, he confirmed that the subject meter was situated in an area between a building and shrubbery, along with Other water and electric meters and an air -conditioning unit. When asked to estimate the “approximate distance between the building and the Ledge of the shrubs,” the plaintiff responded: “Guessing, I’d say about 24 inches — 20, 24 inches.” Additionally, the *570 defendants further submitted photographic evidence of the scene, which the plaintiff reviewed in his deposition. This photographic evidence was also introduced by the defendants in support of the motion for summary judgment.
Having reviewed these submissions, including'the photographs of the scene, I find that the trial court correctly entered summary judgment. In simple terms, both the plaintiff testified to, and the photographs confirm, the presence of a visible and open meter located in an area. Although the plaintiff explained that the area was confined by the shrubs, there is no indication that the shrubbery obscured visibility of the open meter or otherwise created a hazard. In-opposition, the plaintiff failed to come- forward with any evidence demonstrating that the opeii meter was not open and obvious to everyone who may potentially encounter it, just as it admittedly was by the plaintiff in this case. Given .the plaintiffs failure to present evidence that he would be able to meet his burden of proving a duty on the part of the defendants, summary judgment was appropriate. See La.Code Civ.P. art. 966(C)(2) (providing that “if the adverse party fails to produce factual support sufficient to establish, that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.”).
-Accordingly, I- would affirm the judgment under review.
GENOVESE, J., dissents for the reasons assigned by Judge AMY and also assigns additional reasons.
Under La.Civ.Code art. 2317.1, at trial, Plaintiff has the burden of proving that the thirig (the uncovered water meter) presented an unreasonable risk of harm. In its motions for summary judgment, Defendants have pointed out an absence of factual support for this particular. element. Because Plaintiff failed - to put forth any evidence that the thing constituted an unreasonable risk of .harm, and because by his own admission he was aware of the uncovered water meter in his work location, Plaintiff failed to satisfy the requirements of La.Code Civ.P. art. 966(C)(2) by failing to produce the necessary factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial.
Therefore, I dissent from the majority opinion and would affirm the trial court’s grant of the summary judgments in favor of Defendant.