# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-560


**SHIRLEY STELLY, ET AL.**

**VERSUS**

**CITY CLUB AT RIVER RANCH, LLC, ET AL.**



\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2016-3131
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## SHANNON J. GREMILLION
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and John E. Conery, Judges.



**REVERSED.**

**Chuck David Granger**
**John Davis**
**Granger Law Firm**
**P. O. Drawer 1849**
**Opelousas, LA 70571-1849**
**(337) 948-5000**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Shirley Stelly**
    **Dudley Stelly**

**Kristen B. Guidry**
**Law Offices of Robert D. Ford**
**111 Veterans Blvd., Suite 1670**
**Metairie, LA 70005**
**(337) 504-6366**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Hanover Insurance Company**
    **City Club at River Ranch, LLC**
    **CCRR Properties, LLC**

**GREMILLION, Judge.**

Appellants, Shirley Stelly and her husband, Dudley Stelly, appeal the trial court's summary judgment granted in favor of City Club at River Ranch, LLC, CCRR Properties, LLC, and their insurer, Hanover Insurance Company, which dismissed the Stellys' petition alleging that Mrs. Stelly was injured when she fell in or around the parking lot of the City Club at River Ranch (CCRR) in Lafayette, Louisiana.

> On appeal, summary judgments are reviewed de novo. *Magnon v. Collins,* 98–2822 (La.7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. *Id.* This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). This means that judgment must be rendered in favor of the movant if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party's claim. *Id.* If the opposing party cannot produce any evidence to suggest that he will be able to meet his evidentiary burden at trial, no genuine issues of material fact exist. *Id.*

> Material facts are those that determine the outcome of the legal dispute. *Soileau v. D & J Tire, Inc.,* 97–318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied,* 97–2737 (La.1/16/98), 706 So.2d 979. In deciding whether facts are material to an action, we look to the applicable substantive law. *Id.* Finally, summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2).

*Am. Zurich Ins. Co. v. Caterpillar, Inc.*, 12-270, pp. 4-5 (La.App. 3 Cir. 10/3/12), 99 So.3d 739, 742-43.

With these principles in mind, we will examine the documentation submitted by the Appellees supporting their motion to determine whether they establish an absence of factual support for one or more essential elements of the Stelly's claims. Then we will examine the documentation opposing the motion to determine whether they suggest that the Stellys will be able to meet their evidentiary burden at trial.

In support of their motion, Appellees attached the Stelly's petition and Mrs. Stelly's deposition. The petition alleged the basic facts of the suit: Mrs. Stelly was at the CCRR on June 22, 2015, "when she tripped and fell on a raised area of cement." This fall allegedly injured Mrs. Stelly, and her husband suffered a loss of consortium because of her injuries.

Mrs. Stelly's deposition testimony is summarized as follows: On the date in question, Mrs. Stelly arrived at the CCRR to get a facial and massage at the River Spa. Mrs. Stelly had been to the spa many times. She drove her car into the parking lot and parked at the second-to-last space along the building before which she parked. The building was separated from the parking spaces by a sidewalk. She removed some packages from her car and set them on the sidewalk. Mrs. Stelly testified that nothing obstructed her view of the sidewalk. She then attempted to mount the sidewalk when her foot slipped on the edge of the curb. Mrs. Stelly fell forward and stretched forth her arms to arrest her fall. Her head hit the sidewalk, and her arm was broken. In her affidavit, Mrs. Stelly testified that she was not aware that the curb was "higher than a normal sidewalk edge."

Appellees contend that the sidewalk represents an open and obvious condition that does not pose an unreasonable risk of harm. Based upon the foregoing, we conclude that the motion was properly supported; therefore, the burden shifted to the Stellys to produce evidence that would suggest that they will be able to meet their burden of proof at trial.

The Stellys presented the same deposition excerpt of Mrs. Stelly, an affidavit from her, and an affidavit of Mr. William J. Moran, II, a civil engineer who inspected the scene.

Mr. Moran attested that he inspected the scene of Mrs. Stelly's accident. He found that the sidewalk presents an 8 ½″ to 9″ elevation change. According to

ASTM F1637, entitled, "Standard Practices for Safe Walking Surfaces," so-called "short flight stairs (three or fewer risers)" should be avoided whenever possible, and where avoiding them is unfeasible, they should be delineated by visual cues such as lighting, signage, contrasting paint, or similar attention-drawing means. Mr. Moran's analysis drew him to conclude that the lack of visual cues, coupled with the height of the elevation change, represented an unreasonable risk of harm.

The trial court examined the evidence presented in support and opposition of the motion and concluded that the sidewalk elevation was open and obvious; thus, CCRR was not required to correct or warn of any hazard it posed. The Stellys appealed and assert that the trial court erred in granting summary judgment because Mr. Moran's opinions controvert that the sidewalk presented an open and obvious hazard.

In *Pryor v. Iberia Parish School Board*, 10-1683, pp.3-4 (La. 3/15/11), 60 So.3d 594, 596 (citations omitted), the Louisiana Supreme Court discussed the issue of the obligations of a property owner to protect those on its property:

> The general rule is that the owner or custodian of property has a duty to keep the property in a reasonably safe condition. The owner or custodian must discover any unreasonably dangerous condition on the premises, and either correct the condition or warn potential victims of its existence. *Smith v. The Runnels Schools, Inc.,* 04–1329 (La.App. 1 Cir. 3/24/05), 907 So.2d 109, 112. Nonetheless, we have recognized that defendants generally have no duty to protect against an open and obvious hazard. If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff.

The duty-risk analysis determines tort liability in Louisiana. *Bufkin v. Felipe's Louisiana, LLC*, 14-288 (La. 10/15/14), 171 So.3d 851. This requires the plaintiffs to prove five elements: the defendant owed them a duty to conduct itself to a specific standard of care; the defendant breached the standard of care; the breach of the standard of care was a legal cause of their injuries; and they sustained actual damages.

*Id.* "[W]hether a duty is owed is a question of law." *Id.* at 855. However, the supreme court also stated in *Bufkin*, at 856 (citations omitted):

> When evaluating the duty owed relative to a sidewalk condition, the facts and surrounding circumstances of each case control and the test applied requires the consideration of whether the sidewalk was maintained in a reasonably safe condition for persons exercising ordinary care and prudence. Courts have adopted a risk-utility balancing test to determine whether such a condition is unreasonably dangerous, wherein the trier of fact balances the gravity and the risk of harm against the individual and societal utility and the cost and feasibility of repair.
>
> This court has synthesized the risk-utility balancing test to a consideration of four pertinent factors: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature.

An elevated sidewalk possesses high utility; it provides a means of transiting the parking lot without having one's passage impeded by vehicles parked too close to the building; it prevents water puddling; and it creates a barrier to vehicles accidentally hitting the building. The likelihood and magnitude of harm represents the factor that subsumes whether the condition is open and obvious. *Id.*

In this case, assessing the risk and magnitude of harm would be greatly assisted were we provided information about when the sidewalk was installed and whether accidents similar to Mrs. Stelly's have occurred. On the other hand, Mrs. Stelly had been to the facility many times before with no difficulty. Further, nothing obscured her ability to observe the curb in question, and, indeed, she had placed packages upon the curb before she attempted to mount it. But, the elevated sidewalk is of the same color as the parking lot it abuts.

Mr. Moran's opinion is that the elevation change was excessive and should have been differentiated by a visual contrasting paint or lighting or signage presents

a genuine issue of material fact we are unable to ignore.[1]  Further, we were not assisted in our inquiry by the omission of any information regarding what cost would be incurred in installing contrasting paint, lighting, signage, or other means of drawing a pedestrian's attention to the elevation change.

For these reasons, the judgment of the trial court is reversed.  All costs of this appeal are taxed to Defendants/Appellees, City Club at River Ranch, LLC, CCRR Properties, LLC, and Hanover Insurance Company.

**REVERSED.**

---

[1] Any suggestion, however, that an 8 ½″ elevation change represents a *per se* unreasonably dangerous condition, which the Stellys hinted during argument, is rejected.  As *Pryor*, 60 So.3d 594, makes clear, the duty is to correct an unreasonably dangerous condition or warn of its existence.