| CHRISTINE PERRIN | * | NO. 2019-CA-0265 |
| --- | --- | --- |
| VERSUS | * | COURT OF APPEAL |
| OCHSNER BAPTIST MEDICAL CENTER, LLC, AND ABC INSURANCE COMPANY | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

**DYSART, J., DISSENTS.**

In my view, the question presented by this case is not whether there was an "open and obvious" situation presented by the wet carpet, for which Ochsner owed no duty to Ms. Perrin, but whether there are genuine issues of material fact as to whether Ochsner breached a duty to Ms. Perrin under the circumstances of this case. Indeed, "[a] hospital owes a duty to its visitors to exercise reasonable care commensurate with the particular circumstances." *Mosley v. Methodist Health Sys. Found., Inc.*, 99-3116, p. 23 (La. App. 4 Cir. 11/15/00), 776 So.2d 21, 23 (citations omitted); *Queen v. Woman's Hosp. Found.*, 18-0222, p. 3 (La. App. 1 Cir. 10/31/18), 265 So.3d 1, *writ denied*, 18-1822 (La. 1/14/19), 261 So.3d 788. Because, in my opinion, there are genuine issues of fact unique to this case, I do not believe that the grant summary judgment is appropriate. I respectfully dissent and assign the following reasons:

First, I do not find that the complained of hazard was an "open and obvious" situation that should have been avoided by Ms. Perrin. To the contrary, two signs were placed in the area of the wet carpet both of which warned of a wet floor. The area was not closed off by the Ochsner by placing tape or other obstruction because Ochsner desired to keep the carpeted area open so that guests would be able to access the bathroom. As such, if the wet carpet created an "open and

obvious" hazard it would seem counter-intuitive that Ochsner would allow the area to remain open. In fact, testimony indicated other guests passed by Ms. Perrin after she fell, using the same path over the wet carpet and on to the tile surface. Although no expert testified through discovery, it would appear evident that walking from a wet carpeted surface onto a tile floor would create a more treacherous situation than simply traversing a floor of uniform consistent material.

This case is not akin to those "open and obvious" cases decided recently by the Louisiana Supreme Court and on which the majority relies. *Bufkin*, for example, examined whether a "pick-up-truck-sized dumpster, a large inanimate object visible to all" was "obvious and apparent, and reasonably safe for persons exercising ordinary care and prudence." *Bufkin v. Felipe's Louisiana*, LLC, 14-0288, p. 10(La. 10/15/14), 171 So.3d 851, 858. Finding that it was open and obvious, the Court concluded that summary judgment in favor of the custodian of the dumpster was in order as it "had no duty to warn of the obstruction presented to pedestrians." *Id*.

Similarly, in *Rodriguez*, the plaintiff was injured when she "attempted to thread her way through a maze" of shopping carts. *Rodriguez v. Dolgencorp, LLC*, 14-1725, p. 1 (La. 11/14/14), 152 So.3d 871, 872. The Supreme Court, concluding that summary judgment in favor of the store was warranted, relied on our jurisprudence indicating that "the mere presence of obstacles in a store, such as shopping carts, does not create an unreasonable risk of harm when the condition is open and obvious." *Id*. (citing *Russell v. Morgan's Bestway of Louisiana, LLC*, 47,914 at p. 8 (La. App. 2 Cir. 4/10/13), 113 So.3d 448, 453 (holding "[e]ven though there were multiple stocking carts involved, we find this situation so open and obvious that [the plaintiff] was able to observe the carts and easily avoid any risk of harm")).

Finally, in *Allen*, where the plaintiff was injured after being struck by a vehicle backing out of an unpaved, grassy area, the Supreme Court found "no genuine issue as to whether the parking area was unreasonably dangerous," because "the parking area had been used by congregants for decades without incident and the complained-of condition—the unpaved grassy parking area—was obvious and apparent to anyone who may potentially encounter it." *Allen v. Lockwood*, 14-1724 (La. 2/13/15), 156 So.3d 650, 653. The defendants in *Allen*, were, therefore, entitled summary judgment in their favor as a matter of law. *Id.*

In the instant matter, as the majority notes, and as the *Bufkin* Court reiterated, in this negligence claim, we employ the duty-risk analysis under which the plaintiff must prove the following five elements: 1) whether a duty is owed to the plaintiff; 2) whether the defendant breached that duty; 3) whether the breach was a cause in fact of the injury; 4) legal causation; and 5) damages caused by the breach. *Bufkin* , 14-0288, pp. 4-5 (La. 10/15/14), 171 So. 3d 851, 855. The threshold inquiry, thus, is whether Ochsner owed Ms. Perrin a duty. This inquiry is a legal question for the court to decide. Here, the trial court and the majority found that since the hazard was "open and obvious" there was no duty and therefore, summary judgment was appropriate.

In my opinion, Ochsner did owe a duty to Ms. Perrin and the real issue is whether Ochsner breached that duty. While there are certainly slip-and-fall cases for which summary judgment may be appropriate, I do not believe this to be one of those cases. Whether Ochsner's actions in placing two "wet floor" signs was sufficient under a duty/risk analysis and under the totality of the circumstances (*e.g.*, where guests walking from a wet carpet onto a tiled floor would likely slip, where it was potentially unclear whether the floor or the carpet was wet), to me, is a question of fact. That is, the question of whether Ochsner breached a duty owed

to Ms. Perrin remains unresolved at this point and should be decided by the trier of fact, not as a summary judgment issue on the element of duty.