# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2026

Lyle W. Cayce
Clerk

—————

No. 25-30382

—————

Teresa Proffitt,

*Plaintiff—Appellant*,

*versus*

GMRI, Incorporated, *on behalf of* Darden Restaurants, *doing business as* Olive Garden *#4418*; Olive Garden Holdings, L.L.C.,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:24-CV-833

———————————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

While dining with relatives at an Olive Garden restaurant in Monroe, Louisiana, Teresa Proffitt tripped on a bus cart and fell. Proffitt sued Olive Garden, claiming that the cart presented a dangerous condition. In response, Olive Garden produced security camera footage showing Proffitt's fall and moved for summary judgment. On Olive Garden's telling, the footage and

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30382

Proffitt's deposition testimony showed that Proffitt saw but simply failed to avoid the cart. Proffitt disagreed, characterizing the cart as suddenly and unexpectedly entering her path after she returned from the bathroom. The district court granted summary judgment to Olive Garden, holding that the cart was an apparent hazard that Proffitt failed to avoid.

Under Louisiana law, a merchant like Olive Garden has a duty to make "reasonable effort[s] to keep the premises free of any hazardous conditions which reasonably might give rise to damage." LA. STAT. ANN. § 9:2800.6(A). But a merchant "has no duty to protect against apparent and obvious hazards." *Etheridge v. Dolgencorp LLC*, 699 F. Supp. 3d 492, 497 (E.D. La. 2023). "[W]hether a duty is owed is a question of law," and a defendant is entitled to summary judgment where the plaintiff cannot show any duty. *Bufkin v. Felipe's La., LLC*, 171 So. 3d 851, 855 (La. 2014).

Here, record evidence confirms that the bus cart was an apparent and obvious hazard. The cart was large, black, in the middle of a walkway, and actively in use by an Olive Garden employee. *See* ROA.446 (Video Exhibit). Any reasonable diner was on notice that it posed a potential tripping hazard, regardless of whether Proffitt necessarily expected the cart to be there. *Cf. Broussard v. State ex rel. Off. of State Bldgs.*, 113 So. 3d 175, 191 (La. 2013) ("[E]very minor irregularity in a [path] does not necessarily pose an unreasonable risk of harm."). Video evidence and Proffitt's own testimony confirm she saw the cart and tried to avoid it before she fell. *See* ROA.446; ROA.340–41 ("[I] changed my direction because of the cart sticking out from the wall."). Any hazard posed by the cart was not unreasonable, and Olive Garden owed Proffitt no duty to further warn her that she could trip on the cart that was obviously in her path. Thus, Olive Garden owed Proffitt "no

2

No. 25-30382

legal duty," *Bufkin*, 171 So.3d at 859 n.3, and the district court was right to grant summary judgment.

AFFIRMED.