STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-246

KIM DOUCET, ET UX.

VERSUS

KEITH ALLEMAN, ET AL.

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20111110
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Jimmie C. Peters, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

AFFIRMED.

Carol S. Hunter
Assistant Attorney General
556 Jefferson St., 4th Floor
Lafayette, LA 70501
(337) 262-1700
COUNSEL FOR DEFENDANT/APPELLEE:
    Louisiana Department of Transportation & Development

Frank X. Neuner, Jr.
Jennie P. Pellegrin
NeunerPate
P.O. Box 52828
Lafayette, LA 70505-2828
(337) 237-7000
COUNSEL FOR DEFENDANTS/APPELLEES:
    Louisiana Department of Public Safety & Corrections
    (Probation & Parole)

**Andrew Blanchfield**
**Keogh, Cox & Wilson, Ltd.**
**P. O. Box 1151**
**Baton Rouge, LA 70821**
**(225) 383-3796**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Continental Casualty Company**
    **Harley-Davidson Motor Company, Inc.**


**Ian A. Macdonald**
**Jones Walker**
**P. O. Box 3408**
**Lafayette, LA 70502-3408**
**(337) 593-7600**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Progressive Security Insurance Company**
    **Keith Alleman**


**Franklin J. Foil**
**Foil Law Firm**
**P. O. Box 4288**
**Baton Rouge, LA 70821-4288**
**(225) 382-3264**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Jerry Jones**


**Mark R. Pharr, III**
**Lindsay L. Meador**
**Galloway, Johnson, Tompkins, Burr & Smith, PLC**
**328 Settlers Trace Blvd.**
**Lafayette, LA 70508**
**(337) 735-1760**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Barrett Moving and Storage Company**


**Michael J. Remondet, Jr.**
**Juliette B. Wade**
**Jeansonne & Remondet**
**P.O. Box 91530**
**Lafayette, LA 70509**
**(337) 237-4370**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **National Casualty Company**
    **Cajun Cycles, Inc. d/b/a Cajun Harley Davidson**

**Scott A. Dartez**
**Warren A. Perrin**
**Perrin, Landry, deLaunay, Dartez & Ouellet**
**251 La Rue France**
**Lafayette, LA 70508**
**(337) 237-8500**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
**Gaston Doucet**
**Kim Doucet**

**Samuel B. Gabb**
**Joseph R. Pousson, Jr.**
**Plauche, Smith & Nieset, LLC**
**P.O. Drawer 1705**
**Lake Charles, LA 70601**
**(337) 436-0522**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Secon, Inc.**

**Gerard J. Dragna**
**Eric Winder Sella**
**Perrier & Lacoste, LLC**
**365 Canal Street, Suite 2550**
**New Orleans, LA 70130**
**(504) 212-8820**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Suddath Relocation Systems of Minnestoa, LLC**

**Gregory A. Koury**
**Andrew P. Hill**
**Koury & Hill, LLC**
**P. O. Box 52025**
**Lafayette, LA 70505-2025**
**(337) 993-1842**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
**Kim Doucet**
**Gaston Doucet**

**Chaz H. Roberts**
**Bradley Aldrich**
**Attorney at Law**
**P. O. Box 53936**
**Lafayette, LA 70505**
**(337) 504-3202**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
**Kim Doucet**
**Gaston Doucet**

**GREMILLION, Judge.**

The widow and son of Ralph John Doucet appeal the trial court's grant of summary judgment in favor of Cajun Cycles, Inc., d/b/a Cajun Harley Davidson (Cajun Harley).  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2010, Doucet was participating in a motorcycle demonstration ride sponsored by the Harley-Davidson Motorcycle Company and hosted by a local dealer, Cajun Harley.  The test drive began at the Cajun Harley showroom in Scott, Louisiana and proceeded for about eleven miles.  The event involved ten to twelve motorcycle riders who were allowed to ride motorcycles as a means of test-driving them.  Doucet was tragically killed when Keith Alleman (Alleman), who was traveling southbound on Louisiana Highway 93 to visit his probation officer, veered off the road, overcorrected, and crashed into Doucet as he traveled northbound on Highway 93.[1]

Numerous parties were named as defendants; however, the defendant at issue in this appeal is Cajun Harley.  Plaintiffs argue that Cajun Harley did not take the necessary safety precautions to ensure the safety of the riders on the promotional ride.

Cajun Harley filed a motion for summary judgment on October 10, 2013, which was granted in its favor on October 21, 2014.  Due to some procedural irregularities, the signed judgment was amended and reissued on March 31, 2015.  The plaintiffs timely appealed.

---

[1] Alleman was serving two years' probation following his guilty plea in 2008 to possession of methamphetamine in violation of La.R.S. 40:967.  Following this accident, Alleman was cited for driving while intoxicated in violation of La.R.S. 14:98, vehicular homicide in violation of La.R.S. 14:32.1, and careless operation in violation of La.R.S. 14:98.

ISSUES

The plaintiffs assign as error:

1. The Trial Court erred by granting summary judgment in favor of Cajun Harley because Cajun did not negate any elements of the Doucet Appellants' claims and the record contains sufficient evidence to establish a prima facie case of negligence against Cajun Harley.

2. The Trial Court erred by granting summary judgment in favor of the [sic] Cajun Harley because Cajun Harley owed a duty to act as a reasonable Promotion host and take reasonable safety measures to protect Promotion participants.

3. The Trial Court erred by granting summary judgment in favor of Cajun Harley because Cajun Harley breached its duty by failing to implement reasonable, necessary safety measures to protect participants in the Promotion.

4. The Trial Court erred by granting summary judgment in favor of Cajun Harley because the Doucet Appellants' damages were foreseeable.

5. The Trial Court erred by granting summary judgment in favor of Cajun Harley because policy factors articulated by the Louisiana Supreme Court favor the imposition of liability under these facts.

## DISCUSSION

### *Summary Judgment Law*

We use the de novo standard when reviewing a trial court's ruling on summary judgment. *Costello v. Hardy*, 03-1146 (La. 1/21/04), 864 So.2d 129. Summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Summary judgment procedure is favored under Louisiana law. La.Code Civ.P. art. 966(A)(2).

> On motion for summary judgment, the burden of proof remains with the movant. However, if the moving party will not bear the

burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted.

*Bufkin v. Felipe's Louisiana,* LLC, 14-0288, p. __ (La. 10/15/14), __ So.3d __, __.

The duty-risk analysis applies to all negligence claims brought pursuant to La.Civ.Code art. 2315 to determine if a party is liable to another under the particular facts of the case.

[A] plaintiff must prove five separate elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard of care; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages.

*Christy v. McCalla*, 11-0366, pp. 8-9 (La.12/6/11), 79 So.3d 293, 299 (citations omitted). The threshold question is "whether the defendant owed the plaintiff a duty, and whether a duty is owed is a question of law." *Bufkin*, __ So.3d at __.

In his deposition, Alleman stated that because he is a motorcycle enthusiast he was distracted by the motorcycle procession, which caused him to leave the road. He stated:

Q. In your opinion, if the motorcycles weren't there would you have gone off the road?

. . . .

A. No, I wouldn't have.

Q. Did the motorcycles distract you?

A. Yes. Just because I'm a motorcyclist and I'm always looking.

. . . .

Q. When you are riding around, do you typically notice other people riding on motorcycles?

A. Yes.

Q. Is that because you are a motorcycle enthusiast?

A. Yes.

 . . . .

Q. You stated earlier that this accident occurred because you saw the motorcycles and they distracted you and you left the roadway; is that correct?

A. That's what I said.

Q. What was it about these motorcycles that distracted you such that you would have left the roadway in that curve that you had negotiated prior to this and were familiar with?

A. Nothing in particular. It's just what distracted me that took my eyes off the road for a little while.

Q. In the past before this accident when you had seen other groups of motorcycles traveling on roadways, why didn't they distract you like this group did?

A. Oh, they distracted me. I just didn't leave the roadway.

Q. Is it fair to say that whenever you're driving and see a motorcycle or group of motorcycles your eyes are drawn in that direction because you are a motorcycle enthusiast?

A. Yes.

Q. So it was not necessarily this group of motorcycles in particular, it was just motorcycles that distracted you?

A. Correct.

Plaintiffs argue that Cajun Harley had a duty to enact reasonable safety measures during the promotion and that they failed to implement reasonable safety requirements to protect its riders. Plaintiffs further claim that the alleged intoxication of Alleman is sufficient to preclude summary judgment. They argue

4

that Cajun Harley owed a duty to the riders to select a safe route and increase the conspicuousness of the motorcycles in the Promotion.

Undoubtedly, Cajun Harley had a duty to the participant riders and the general public to conduct the demonstration ride in a reasonably safe manner. Plaintiffs argue Cajun Harley breached their duty to conduct themselves in a reasonable manner by failing to choose a safer demo route. They claim that the road chosen by Cajun Harley had steep slopes next to the roadway, multiple curves in close proximity, and unimproved shoulders. Additionally, they argue that Cajun Harley breached its duty by using untrained personnel to select the route and serve as lead and trail riders on the demo rides; failing to use headlight modulators that would have alerted Alleman sooner of the approach of a group of motorcycles, failing to require that all riders wear safety vests, failing to obtain a police escort, and failing to obtain a permit.[2] In support of their allegations, plaintiffs submitted the affidavit of Michael J. Matthews, a motorcycle safety consultant.

Next, plaintiffs argue that Cajun Harley was the legal cause of Doucet's injuries because it was foreseeable that a group of motorcycles traveling on curvy roads with unimproved shoulders might be involved in an accident and that it was foreseeable that a large group of people riding motorcycles would distract other drivers on the road. Further, plaintiffs claim the accident was foreseeable because previous demo riders have been injured in Harley-Davidson promo rides with two people suffering "major" injuries in rides coordinated by Jerry Jones.[3]

---

[2] Plaintiffs made similar claims against Harley-Davidson Motor Company, Inc. in *Doucet v. Alleman*, 15-61 (La.App. 3 Cir. 08/25/15), __ So.3d __, in which we affirmed the grant of summary judgment in Harley-Davidson's favor.

[3] Jerry Jones, the event coordinator, is a defendant in a separate lawsuit.

Finally, plaintiffs argue that the damages were foreseeable and easily associated with the risks, stating that an "accident on a Harley-Davidson demo ride is certainly foreseeable." Plaintiffs argue that, as a policy matter, Cajun Harley should be cast with liability stating:

> Here, there is a clear need for the Doucet Appellants to be compensated for both their emotional and psychological trauma, also to be compensated for the actual financial support that they were receiving from Mr. Doucet which has now been lost. Such a factor favors imposing liability against Cajun Harley.

Additionally, citing *Pitre v. Opelousas General Hospital,* 530 So.2d 1151 (La.1988), plaintiffs claim that imposing liability upon Cajun Harley will deter them from hosting future rides without implementing additional safeguards.

Alleman's own testimony is the best evidence that nothing Cajun Harley could have done would have prevented this accident. Regardless of whether the riders wore safety vests, had special headlights, had special escorts, or had a permit, Alleman would have been distracted merely by his interest in motorcycles as a motorcycle enthusiast. We agree with Cajun Harley that plaintiffs have failed to show that they will be able to meet their burden of proving that anything it could have done would have prevented Alleman's distraction.

As a panel of this court found in the suit against Harley-Davidson, the affidavit of Michael J. Matthews, the plaintiffs' "expert," is insufficient to overcome the fact that they will be unable to meet their burden of proof. The trial court limited Matthews' testimony to lay opinion testimony. As a panel of this court previously found, we accord it little weight. Simply, Matthews' opinion that had the motorcycles been more conspicuous, the accident could have been avoided, is not supported by the facts.

6

Short of a complete ban on promotional motorcycle rides, a social policy that would certainly be detested by the riders themselves, Cajun Harley took every reasonable precautionary measure to ensure the safety of its drivers, including:

- Testing the route six to seven times prior to the event and inspecting it for hazards which were not found.

- Prior to the event, all participants were required to attend an orientation which included safety procedures and a route description.

- Participants were required to show a valid driver's license with a motorcycle endorsement and to have helmets, which were provided to them if they did not have their own.

- Cajun Harley employees participated in the ride with one person in the lead and one following the group. They also road the demo route with Jones numerous times prior to the event.

- The owner of Cajun Harley spoke to the city attorney for the City of Scott who advised that no permits were required for the ride.

- Riders expressly indicated that they had the skill, knowledge, and experience to operate the motorcycles in a safe manner.

We agree with the trial court that the legal cause of this accident was Alleman's actions. The ride was on a public road that is intended for use by all motorists. Increased conspicuousness would not have deterred Alleman's distraction. Neither police patrols nor permits would have prevented Alleman from being distracted by the motorcycles. There was no evidence that any further precautionary measures taken by Cajun Harley would have prevented Alleman from running off the road. Moreover, Alleman's state of intoxication is irrelevant to the analysis of the duty/risk formula as applied to Cajun Harley.[4] Simply, Cajun Harley's duty cannot extend to this type of harm in the manner in which it arose—

_____

[4] The accident occurred at approximately 10:40 a.m. Alleman admitted to taking a prescribed Xanax at around 7:00 a.m. and drinking one eight-ounce bottle of Coors Light sometime between 9:30 and 10:00 a.m. the morning of the accident.

a motorcycle enthusiast who had taken a Xanax at 7:00 a.m. and drank a beer at 9:30 or 10:00 a.m. that morning would be so distracted by the motorcycles that he ran off the road and overcorrected, veering into the lane killing a demo-ride participant. Furthermore, it is not a reasonably foreseeable occurrence.

Plaintiffs argue that accidents of all kinds on the roadway are reasonably foreseeable. While that is true, it cannot be the basis to impose liability on a company for the negligent acts of an individual. The overriding social policy of allowing people freedom to drive on the road, as motorcycle groups often do, cannot be outweighed by the fact that one individual became so distracted that he ran off the road and killed a motorcycle rider. There are numerous distractions on the road that drivers must negotiate on a daily basis. It was Alleman's ultimate responsibility to not become so distracted that he ran off the road.

The plaintiffs' "policy considerations" amount to nothing more than having a "deep-pocket" defendant. Clearly, plaintiffs argue that Cajun Harley should be found liable because they are the one party that can actually afford to pay. This argument must fail. Every accident that occurs cannot be deemed to be the financial responsibility of a corporation because it has a better insurance policy. We find that imposing liability on Cajun Harley would deter them from ever hosting promotional rides again for the fear that they will be financially responsible for anything that might occur on the route.

Although we are extremely sympathetic to the plaintiffs for the tragic loss of their husband and father, we find that they will be unable to meet their burden of proving the essential factors of the duty/risk analysis. Accordingly, summary judgment was properly granted in favor of Cajun Harley.

## CONCLUSION

The summary judgment granted in favor of the defendant, Cajun Cycles, Inc. d/b/a Cajun Harley Davidson, is affirmed.  All costs of this appeal are assessed against the plaintiffs-appellants, Kim Doucet, et ux.

**AFFIRMED**.