# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-31039
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2017

Lyle W. Cayce
Clerk

LESLIE MARTIN,

> Plaintiff–Appellant,

v.

BOYD RACING, L.L.C., doing business as Delta Downs Racetrack Casino & Hotel; BOYD GAMING CORPORATION,

> Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:14-CV-3040

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

Leslie Martin filed a petition in the Fourteenth Judicial District Court of Louisiana, alleging that Boyd Racing, L.L.C. and Boyd Gaming Corp. (Boyd) were liable for injuries she suffered after she slipped and fell in the parking lot of Delta Downs, a hotel, racetrack, and casino owned and operated by Boyd. Boyd successfully removed to federal court on the basis of diversity jurisdiction

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-31039

and then moved for summary judgment.  The district court granted summary judgment for Boyd.  Martin appealed.  We affirm.

**I**

After parking her vehicle in the Delta Downs parking lot, Martin began to walk around the front of her vehicle to reach "a little walkway" that led to the facilities' main entrance.  She alleges that as she was walking by the front of her car, she slipped and fell on algae that had accumulated on the ground.  It was daylight when the incident occurred.  Martin testified that she "was looking straight up to see where to go" and "didn't pay attention," but admitted she would have seen the algae had she looked down.  A Delta Downs employee, who arrived after Martin fell and immediately inspected the area, testified that the algae were "very visible."  Another Delta Downs employee took photographs of the area where the accident occurred.  Those photographs plainly depict algae on the ground.

Martin's petition for damages alleged that Boyd, as owner and operator of the facilities, was liable for Martin's fall because it failed to maintain its premises free from an unreasonably dangerous condition and failed to warn patrons of the dangerous condition.  Boyd filed its motion for summary judgment, seeking dismissal on the grounds that Martin could not prove that the open and obvious condition that caused her accident presented an unreasonable risk of harm, an essential element of her negligence claim under Louisiana law.

The district court granted summary judgment for Boyd.  It concluded Martin had "failed to designate specific facts showing . . . a genuine issue of material fact as to whether the algae on the curb were unreasonably dangerous": "[t]he record reflects that the algae were readily visible" and Martin failed to provide any evidence to the contrary.  Thus, the district court found that Martin had not established an essential element of her claim and

2

No. 16-31039

granted summary judgment for Boyd. Martin appealed, contending that the district court made a factual determination properly left to the jury.

## II

We review a district court's grant of summary judgment de novo, applying the same standard as the district court.[1] Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.[2] The court considers evidence in the record in the light most favorable to the non-moving party, drawing all reasonable inferences in favor of the non-movant.[3]

## III

This case is governed by substantive Louisiana law.[4] The Louisiana Merchant Liability Act provides that "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition."[5] That duty "includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage."[6] The act further provides:

> In a negligence claim brought against a merchant by a person . . . for damages . . . because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving . . . all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable[;]

---

[1] *Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 275 (5th Cir. 2014).

[2] *Id.* at 275-76 (citing FED. R. CIV. P. 56(a)).

[3] *Thorson v. Epps*, 701 F.3d 444, 445 (5th Cir. 2012).

[4] *See* 28 U.S.C. § 1332; *James v. State Farm Mut. Auto. Ins. Co.*, 743 F.3d 65, 69 (5th Cir. 2014) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

[5] LA. STAT. ANN. § 9:2800.6(A).

[6] *Id.*

No. 16-31039

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence[;]

(3) The merchant failed to exercise reasonable care. . . .[7]

Failure to prove any one element negates a plaintiff's negligence action.[8]  To determine the first element of the statute—whether a condition presented an unreasonable risk of harm—the Louisiana Supreme Court has adopted a risk-utility balancing test containing four factors: "(1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature."[9]  The second factor "focuses on whether the dangerous or defective condition is obvious and apparent."[10]  If the defective condition is obvious and apparent, a defendant generally does not have a duty to protect against it.[11]  To be considered open and obvious, the hazard must "be one that is open and obvious to all, *i.e.*, everyone who may potentially encounter it."[12]

Martin relies on language in *Broussard v. State ex rel. Office of State Buildings*[13] to argue that the district court invaded the fact-finding province of the jury when it concluded that the algae were obvious and apparent.  In that case, the jury found the defective condition at issue presented an unreasonable

---

[7] § 9:2800.6(B).

[8] *Melancon v. Popeye's Famous Fried Chicken*, 10-1109, p. 3 (La. App. 3 Cir. 3/16/11); 59 So. 3d 513, 515.

[9] *Bufkin v. Felipe's La., L.L.C.*, 14-0288, p. 6 (La. 10/15/14); 171 So. 3d 851, 856.

[10] *Broussard v. State ex rel. Office of State Bldgs.*, 12-1238, p. 10 (La. 4/5/13); 113 So. 3d 175, 184.

[11] *Bufkin*, 171 So. 3d at 856.

[12] *Broussard*, 113 So. 3d at 184.

[13] 12-1238 (La. 4/5/13); 113 So. 3d 175.

risk of harm and returned a verdict for the plaintiff.[14]  The court of appeal reversed, concluding that the jury's factual determination that the condition or defect presented an unreasonable risk of harm was manifestly erroneous because the condition was open and obvious.[15]  The Louisiana Supreme Court, reversing the court of appeal, explained:

> We have described the question of whether a defect presents an unreasonable risk of harm as "a disputed issue of mixed fact and law or policy that is peculiarly a question for the jury or trier of the facts."  As a mixed question of law and fact, it is the fact-finder's role—either the jury or the court in a bench trial—to determine whether a defect is unreasonably dangerous.[16]

The court concluded that "[t]he record contain[ed] a reasonable factual basis to support the jury's finding the [defective condition] created an unreasonable risk of harm" such that the jury's determination was not manifestly erroneous.[17]  Martin contends that *Broussard* "'unblurs' the line between . . . determinations of fact and law" and "restores . . . the jury to the role of fact finder."  In Martin's view, the district court's conclusion that the algae were obvious and apparent "usurped the jury's right to make that factual finding" in contravention of *Broussard*.

Martin misunderstands *Broussard*.  In addition to the reasoning relied on by Martin, the *Broussard* court acknowledged other decisions in which it stated that "[i]t is the court's obligation to decide which risks are unreasonable based on the facts and circumstances of each case."[18]  It noted that in one of

---

[14] *Id.* at 178-79.

[15] *Id.* at 179.

[16] *Id.* at 183 (citation omitted) (quoting *Reed v. Wal-Mart Stores, Inc.*, 97-1174, p.4 (La. 3/4/98); 708 So. 2d 362, 364).

[17] *Id.* at 179.

[18] *Id.* at 183 n.5 (quoting *Pryor v. Iberia Parish Sch. Bd.*, 10-1683, p. 4 (La. 3/15/11); 60 So. 3d 594, 596.

those cases, decided on a motion for summary judgment, "it was the court's obligation . . . to decide if there was a genuine issue of material fact as to whether [the condition] created an unreasonable risk of harm."[19]  Thus, the *Broussard* court recognized that on a motion for summary judgment, as here, the court *can* decide that a condition does not present an unreasonable risk of harm, as a matter of law.

Martin also fails to acknowledge decisions after *Broussard* in which the Louisiana Supreme Court clarified its holding in that case.  In *Bufkin v. Felipe's Louisiana, L.L.C.*, the court explained that *Broussard* "should not be construed as precluding summary judgment when no legal duty is owed because the condition encountered is obvious and apparent to all and not unreasonably dangerous."[20]  It also announced in *Allen v. Lockwood* that "[a]ny reading of *Broussard* interpreting it as a limit on summary judgment practice involving issues of unreasonable risk of harm is a misinterpretation of the *Broussard* case."[21]  In both *Bufkin* and *Allen*, the court recognized that whether a condition created an unreasonable risk of harm was an appropriate issue for summary judgment.[22]  In both cases, the court reversed the district court and granted summary judgment for the defendants, concluding that the at-issue conditions were "obvious and apparent to anyone who may potentially encounter" them.[23]

In the instance case, Boyd produced evidence that the algae were obvious and apparent, such that it owed no duty to Martin.  Martin did not produce any evidence to the contrary and has thus failed to make a showing sufficient

---

[19] *Id.*

[20] 14-0288, p. 11 n.3 (La. 10/15/14); 171 So. 3d 851, 859 n.3.

[21] 14-1724 (La. 2/13/15); 156 So. 3d 650, 652-53.

[22] *Id.*; *Bufkin*, 171 So. 3d at 859 n.3.

[23] *Allen*, 156 So. 3d at 653; *accord Bufkin*, 171 So. 3d at 858-59.

No. 16-31039

to establish the existence of an essential element of her claim.  Summary judgment for Boyd was appropriate.

\* \* \*

For the foregoing reasons, we AFFIRM the decision of the district court.