# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 20, 2023

Lyle W. Cayce
Clerk

No. 22-30129

Barry J. Badeaux,

*Plaintiff—Appellant*,

*versus*

Louisiana-I Gaming, a Louisiana partnership in Commendam, *doing business as* Boomtown Belle Casino Westbank,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-2348

Before Richman, *Chief Judge*, and Elrod and Oldham, *Circuit Judges*.

Per Curiam:*

After tripping over a sprinkler head in a grassy area of a casino parking lot, Barry Badeaux sued the casino, Louisiana-I Gaming, for negligence under Louisiana state law. The district court first granted summary judgment in favor of Louisana-I Gaming and soon after denied Badeaux's motion for

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30129

reconsideration. Badeaux appeals both of these district court decisions. Given that there was no genuine dispute of material fact, and Badeaux did not produce new evidence or establish a manifest error of law in his motion for reconsideration, we AFFIRM.

I

Plaintiff-Appellant Barry Badeaux was a patron of Defendant-Appellee's Boomtown Belle Casino in New Orleans during the early morning hours of November 30th, 2019. Around 3:00 a.m., Badeaux alleges that he went to his vehicle in the casino's parking lot to retrieve some sodas. His vehicle was parked in a spot directly adjacent to a curbed and landscaped area of the lot. On his way back from his vehicle, Badeaux alleges he sustained injuries after tripping and falling on a sprinkler head located in the curbed and landscaped area.

Badeaux sued Louisiana-I Gaming in state court for negligence, seeking damages under both Louisiana's premises liability statute, La. Civ. Code Ann. art. 2317.1 (1996), and the Louisiana Merchant Liability Act, La. Rev. Stat. Ann. § 9:2800.6 (1996). Louisiana-I Gaming removed the action to federal court asserting diversity jurisdiction.

The district court granted Louisiana-I Gaming's motion for summary judgment, holding that Louisiana-I Gaming did not owe Badeaux any legal duty to protect him from the sprinkler because it was an "open and obvious" hazard that was not "unreasonably dangerous." The district court denied Badeaux's motion for reconsideration because Badeaux had not demonstrated a manifest error of law in the court's summary judgment and did not present new evidence that undermined the court's order. Badeaux timely appealed.

No. 22-30129

## II

## A.

We review a district court's grant of summary judgment *de novo*, applying the same standard as the district court. *Petro Harvester Operating Co. v. Keith*, 954 F.3d 686, 691 (5th Cir. 2020). Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014). In reviewing the record, the court views "all the facts and evidence in the light most favorable to the non-movant." *Ortega Garcia v. United States*, 986 F.3d 513, 524 (5th Cir. 2021). However, "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (citation omitted). Here, the substantive law of Louisiana, the forum state, applies. *Petrohawk Props., L.P. v. Chesapeake La., L.P.*, 689 F.3d 380, 387 (5th Cir. 2012).

The threshold question "in any negligence action is whether the defendant owed the plaintiff a duty, and whether a duty is owed is a question of law." *Thibodeaux v. Home Depot USA, Inc.*, 816 F. App'x 988, 990 (5th Cir. 2020) (quoting *Bufkin v. Felipe's La., LLC*, 171 So. 3d 851, 855 (La. 2014). Under Louisiana law, a defendant does not have a duty to protect against that which is "obvious and apparent," because an "open and obvious" hazard does not pose an unreasonable risk of harm. *Broussard v. State ex rel. Off. of State Bldgs.*, 113 So. 3d 175, 184 (La. 2013); *see also Thibodeaux*, 816 F. App'x at 990 ("[A hazard] does not present an unreasonable risk of harm when it is an open and obvious risk.").

No. 22-30129

Accordingly, we have previously held that summary judgment is warranted "when no legal duty is owed because the condition encountered is obvious and apparent to all and not unreasonably dangerous." *Thibodeaux*, 816 F. App'x at 990 (citation omitted).

Here, there is ample evidence that the sprinkler head was an "open and obvious" hazard. There are multiple photographs of the scene showing that: (1) there were working lights in the parking lot on the night of Badeaux's fall; (2) the sprinkler head was located in a grassy, landscaped area that was separated from the parking lot by a raised curb; and (3) the raised curb surrounding the sprinkler head was painted bright yellow. In addition, there is video footage displaying Badeaux walking onto the curbed area prior to his fall. Finally, a facilities manager at the casino swore in an affidavit that the design and construction of the parking lot complied with every ordinance, law, and industry standard at the time of construction. This evidence supports the district court's conclusion that a sprinkler head raised seven inches above the ground, located in a landscaped area surrounded by a bright yellow curb within a well-lit parking lot is an "open and obvious" hazard.

While Badeaux suggests that a jury must always make the crucial determinations on whether a hazard is "open and obvious," and whether said hazard is otherwise "unreasonably dangerous," the district court correctly dismissed this argument given the prevailing case law. *See, e.g.*, *Allen v. Lockwood*, 156 So. 3d 650, 653 (La. 2015) (holding summary judgment may be appropriate "in cases where the plaintiff is unable to produce factual support for his or her claim that a complained-of condition or thing[] is unreasonably dangerous"); *Martin v. Boyd Racing, L.L.C.*, 681 F. App'x 409, 412 (5th Cir. 2017) (affirming grant of summary judgment and holding that a "court *can* decide that a condition does not present an unreasonable risk of harm, as a matter of law"). Therefore, Louisiana-I Gaming did not owe a duty to protect Badeaux from the open and obvious sprinkler head, and Badeaux's

4

No. 22-30129

evidence failed to demonstrate a genuine issue of material fact as to whether the sprinkler was unreasonably dangerous.

## B.

We review a district court's denial of a motion for reconsideration under an abuse of discretion standard, unless the district court considered new evidence and still upheld summary judgment, in which case we review the district court's decision *de novo*. *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004). Here, the record shows the district court considered the new evidence Badeaux put forth, so we review the decision *de novo*.

A motion for reconsideration under Federal Rule of Civil Procedure 59(e) must either clearly establish a manifest error of law or fact, or must present newly discovered evidence. *In re Life Partner Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019). Badeaux puts forth arguments concerning both a manifest error of law and new evidence.

Badeaux suggests that the district court committed a manifest error of law because it failed to consider and apply the legal standard articulated in *Walker v. Union Oil Mill, Inc.*, 369 So. 2d 1043 (La. 1979), when determining whether Louisiana-I Gaming owed Badeaux a duty to protect him from the dangers of the sprinkler. However, we hold the district court correctly considered four of the six *Walker* factors.[1] The two factors that the court did not consider were not relevant to the court's analysis.[2] Moreover, Badeaux never presented these factors to the court prior to his motion for

---

[1] The court: (1) noted that Badeaux was walking to and from his car at 3 a.m.; (2) examined the photographs of the scene and lighting; (3) considered the location of the sprinkler head; and (4) noticed the mulch surrounding the sprinkler.

[2] The court did not consider that the drink machine on the premises was broken and that Badeaux was carrying drinks when he walked away from his car.

No. 22-30129

reconsideration.  It was improper for Badeaux to raise them for the first time in a Rule 59(e) motion.  *See Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) ("[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued.").

Badeaux proposes that the deposition testimony of Kevin Murray, Louisiana-I Gaming's facility manager, was "new evidence."  Murray's testimony concerned whether the material surrounding the sprinkler was red or black mulch.  Ultimately, Badeaux is concerned with the visibility of the black sprinkler.  This testimony is not new evidence, as it was obtained at least one week before the district court entered its order.  Regardless, we hold that this evidence does not undermine the reasons the district court relied on to dismiss Badeaux's claim.  Therefore, the court did not err in denying the motion for reconsideration on these grounds.[3]

*        *        *

For the foregoing reasons, we AFFIRM the district court's judgment.

---

[3] Badeaux also argues that the district court failed to consider the risk-utility test set forth in *Bufkin v. Felipe's La., LLC*, 171 So. 3d 851 (2014).  This argument is meritless because Louisiana law does not require a risk-utility analysis when the hazard is "open and obvious."  *Broussard*, 113 So. 3d at 184–85.  A defendant "generally does not have a duty to protect against [such hazards]."  *Id.* at 184.